IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEITRIANNA MARY MICHELLE STOGNER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 20-2004 ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 5th day of January, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits as a minor child under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1] *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1]  Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    The only argument raised by Plaintiff is that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard in determining whether she functionally equals a listed impairment. The Court disagrees with Plaintiff and finds that the record demonstrates that the ALJ applied the proper legal standard and, further, that substantial evidence supports the ALJ's finding that Plaintiff is not disabled under the Social Security Act.

Plaintiff appears to agree with the ALJ that, as a minor child, to functionally equal a listed impairment she needed to show that her impairment or combination of impairments resulted in "marked" limitations in two of the following six domains or "extreme" limitations in one:

> 1) acquiring and using information
> 2) attending and completing tasks
> 3) interacting and relating with others
> 4) moving about and manipulating objects
> 5) caring for yourself
> 6) health and physical well-being

*See* 20 C.F.R. § 416.926a(b)(1); SSR 09-3p, 2009 WL 396025 (S.S.A.), at **1-2. There is likewise no dispute that the ALJ found that Plaintiff had less than marked limitations or no limitations in each domain. (R. 12-13). Plaintiff asserts, however, that in making this determination, the ALJ applied the criteria applicable for preschool children (3-6 years of age), rather than those applicable to school-age children (6-12 years of age) in regard to the domains of moving about and manipulating objects and of caring for yourself, pursuant to Section 416.926a(j)(2) and (k)(2). She argues that this error is demonstrated by the ALJ's reliance on Plaintiff's ability to use a zipper and eating utensils and to tie her shoes in making her determination despite the fact that these activities apply to the evaluation of preschool age children rather than to school-age children like Plaintiff.

Plaintiff is correct that, in reviewing the Commissioner's decision that a claimant is not disabled, the Court has plenary review of all legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). She is also correct that the standard applicable to preschool children in determining whether a claimant functionally equals a listed impairment is different than that applicable to children her age, pursuant to Section 416.926a(g). However, the record as a whole – including the ALJ's references to Plaintiff's ability to use a zipper, use utensils, and tie her shoes – does not demonstrate or even suggest that the ALJ applied the wrong legal standard in rendering her decision in this matter.

The Court first notes that the ALJ expressly recognized Plaintiff's age and that she was a school-age child pursuant to Section 416.926a. (R. 11). She also specified that in making her assessment, she "must compare how appropriately, effectively and independently [Plaintiff]

performs activities *compared to the performance of other children of the same age* who do not have impairments," citing Section 416.926a(a). (R. 12) (emphasis added). Accordingly, the ALJ identified and purported to apply the proper legal standard, and Plaintiff's citations to references that she claims suggest otherwise are not persuasive. For instance, Plaintiff argues that the ALJ relied on the fact that Plaintiff had achieved her goals with regard to the use of a zipper in finding that she had no limitations in her ability to move about and manipulate objects, a factor relevant to preschool children, but not to school-age children under Section 416.926a(j)(2). She argues that this shows that the ALJ was not actually applying the standard for children her age, but rather for younger children. However, this assertion is incorrect in several regards. First, the ALJ did not rely on Plaintiff's use of a zipper in evaluating the domain of moving about and manipulating objects. Rather, she cited to this fact generally and in regard to the domain of caring for yourself. The ALJ's finding that Plaintiff had no limitations in her ability to move about and manipulate objects was based, instead, on the record's almost complete lack of evidence as to any limitations in this domain.

More significantly, though, the ALJ at no point suggested that the use of a zipper specifically established any lack of limitation in any domain, but rather discussed this evidence in regard to Plaintiff's 2019-20 occupational therapy which included her attainment of her goal to use a zipper. (R. 14, 15). The discussion of Plaintiff's use of a zipper, therefore, was in the context of her successful completion of occupational therapy, not as an independent factor regarding the evaluation of any of the six domains. While the ability to use a fastener may not establish a lack of limitation in any of the six domains for a child Plaintiff's age, the inability to do so would certainly be relevant to such a determination. The ALJ, in discussing Plaintiff's occupational therapy, noted that the therapy was recommended due to Plaintiff's reported difficulties brushing her teeth, tying her shoes, using zippers, and using a knife and fork to cut food. (R. 14). She therefore properly addressed this evidence as relevant to any claim that Plaintiff lacked the ability to perform these tasks.

Plaintiff's argument that the ALJ erred in relying on her ability to use a knife and fork and to tie her shoes in finding that she had a less than marked limitation in the domain of caring for herself fails for much the same reason. *See* 20 C.F.R. § 416.926a(k)(2). The use of eating utensils and tying her shoes were, just like the use a zipper, part of Plaintiff's recent occupational therapy. (R. 14, 15). As noted, the ALJ properly considered evidence of Plaintiff's successful completion of such therapy, but at no point suggested that using utensils or tying one's shoes, in and of themselves, demonstrated a lack of limitation in Plaintiff's ability to care for herself.

In short, Plaintiff takes the ALJ's discussion of unquestionably relevant evidence as an indication that she applied a legal standard different than the one she purported to use. However, discussing the recent successful completion of therapy including the use of zippers, utensils, and shoelaces suggests no such thing. The record as a whole simply does not support Plaintiff's arguments to the contrary. Moreover, the Court emphasizes that the ALJ relied on far more evidence in finding that Plaintiff did not functionally equal a listed impairment, including school records, medical records, reported activities of daily living, several medical opinions, and the fact that some testing results had been deemed invalid due to Plaintiff's mother's exaggeration of her symptoms.

Accordingly, for all of the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards in this case and that substantial evidence supports the ALJ's decision. The Court therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and that Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record